**Nathanial CARTER, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 40595.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Rehearing Denied Nov. 22, 1967.

Don M. Wilson, Dallas, (on appeal), for appellant.

Henry Wade, Dist. Atty., Don Koons, Charles Caperton and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is assault with intent to murder; the punishment, seventeen and one-half years.

Only two grounds of error are presented in appellant's brief filed in the trial court.

During appellant's examination of the officer whom he had called as a witness and by whose testimony he was attempting to locate for the jury's view certain points on the courtroom wall which corresponded to the height and location of bullet holes which the officer had observed at the scene involved in this prosecution, counsel sug-

gested that the witness, who had no measuring tape with him, might secure one and put a sticker on the wall at that location. The court in an effort to expedite the examination of the witness suggested that the witness might indicate on the wall the location of the bullet hole. Appellant's counsel, insisting that he wanted it marked semi-permanently, suggested that the witness mark it with pencil on the courtroom wall, whereupon the court admonished either counsel or the witness in these words, "No you won't mark it with a pencil unless you want to go to jail." At this juncture counsel made a further suggestion, and the court responded with the following remark, "Let's quit killing time and get along." While we do not commend the trial court for his display of impatience, we do observe that since appellant called the witness, he should have presented his testimony in a manner that would not deface the courtroom wall in violation of Article 859, Vernon's Ann.P.C. We hold that reversible error is not reflected by the comments of the court set forth above.

■ Appellant's next ground of error also relates to proof of the location of bullet holes in the wall. A picture of the room was shown to appellant during the course of his cross examination, and he was questioned about bullet holes in the wall other than those which were made on the day in question. At this juncture appellant was asked, "All right, as a matter of fact your wife shot you just the weekend before, hadn't she?" Appellant's general objection was overruled, and thereafter appellant permitted further cross examination on the same point without any objection whatsoever. We have concluded that by not preserving his objection, appellant must be held to have waived any error he may have had. Such a disposition of the question eliminates the necessity of passing upon appellant's contention, not supported by authority, that such question constituted reversible error.

Finding no reversible error, the judgment is affirmed.